UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLOBAL FLEET SALES, LLC,
ET AL.,

        Plaintiffs,                              No. 12-15471

v.                                            District Judge Laurie J. Michelson
                                                Magistrate Judge R. Steven Whalen

LEONARD JAMES DELUNAS,
ET AL.,

        Defendants.
                                      /

**OPINION AND ORDER**

       Before the Court are Plaintiffs' Motion to Compel and Extend Discovery [Doc. #92], and Defendants' Motion to Compel Production of Documents [Doc. #102], which have been referred for hearing and determination under 28 U.S.C. § 636(b)(1)(A). For the reasons discussed below, the Plaintiffs' motion [Doc. #92] will be DENIED IN LARGE PART AND GRANTED IN SMALL PART, and Defendants' motion [Doc. #102] will be DENIED.

       **A.    FACTS**

       In an Opinion and Order dated February 18, 2014 [Doc. #55], Judge Duggan summarized the background of this case as follows:

> "This dispute arises out of the pursuit of business opportunities in the Islamic Republic of Afghanistan in the wake of the NATO campaign against the Taliban and the subsequent souring of the business relationships established to execute those opportunities. Plaintiffs Global Fleet Sales, LLC, R.M. Asia (HK) Limited ('RMA–HK'), RMA Middle East FZE ('RMA–ME'), and RMA Automotive Company, Ltd. ('RMA Automotive') (collectively, the 'RMA Group Plaintiffs'), along with Plaintiff Kevin Whitcraft (collectively, the 'RMA Plaintiffs'), initiated this action against Defendants Leonard Delunas ('Delunas') and Mohammad Wahab

('Wahab') (collectively, 'Defendants') seeking damages and various forms of injunctive and equitable relief in a multi-count complaint. Defendants answered the RMA Plaintiffs' Complaint and also filed a Counter–Complaint naming three of the five original plaintiffs as Counter–Defendants (RMA–HK, RMA–ME, and Kevin Whitcraft) as well as a Third–Party Complaint naming Third–Party Defendants Mark Whitcraft and Thomas ('Tom') Whitcraft...."

Plaintiff seeks discovery related to numerous items:

1. Financial records of Defendant Delunas, including bank statements of Delunas' wife, mother, and niece.

2. Documents seized from Plaintiffs' Kabul Service Center "that are now in a container in Defendants' possession in Afghanistan." At oral argument on this motion, the parties could not precisely describe the volume of documents or the size of the "container," but it appears that they are voluminous.

3. Communications with suppliers and clients of the RMA Old Entities, beyond what was already produced by AccessPoint.

4. Mr. Delunas' travel records.

5. Contact information for individuals identified in Defendants' trial witness list.

In addition, Plaintiffs seek an affidavit regarding discovery requests for which Defendants claim no documents exist, and also seek an extension of discovery.

Discovery closed on July 31, 2015. The Plaintiffs filed their motion on August 24, 2015, well after the close of discovery. The Defendants filed their motion on September 18, 2015, also after the close of discovery.

## II. DISCUSSION

### A. Plaintiffs' Motion [Doc. #92]

In *Willis v. New World Van Lines, Inc.,* 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000), the Court noted:

> "A district court enjoys broad discretion in managing discovery. *See Ghandi v. Police Dep't of City of Detroit,* 747 F.2d 338, 354 (6th Cir.1984). '[I]t is well established that the scope of discovery is within the sound discretion of the trial court. Accordingly, denials of motions to compel discovery are reviewed only for an abuse of discretion.' *Lavado v. Keohane,* 992 F.2d 601, 604 (6th Cir.1993) (internal citations omitted). *A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery. See Ginett v. Federal Express Corp.,* 1998 WL 777998, 166 F.3d 1213 (6th Cir. Oct. 21, 1998)(emphasis added).

*See also Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 201 (E.D. Mich. 2002)("This Court concludes that Plaintiff's failure to promptly enforce his discovery rights constitutes a waiver of such rights.").

In this case, discovery closed on July 31, 2015. This motion was not filed until August 24, 2015. Plaintiffs have not provided a persuasive explanation for the delay. In addition, prior to filing their motion, they had a sufficient opportunity to obtain the documents in question while discovery was open, particularly with regard to the documents that are in a container in Afghanistan. In an email to Plaintiffs' counsel dated November 22, 2013, almost two years before the present motion was filed, Defendants' counsel, noting that Plaintiffs had signed an agreement with Mr. Delunas providing that "RMA Group, Afghanistan Limited is entitled to make a copy of the documents contained in the container," stated, "Please let me know if RMA Group, Afghanistan Limited would like to make a copy of the documents stored in the container. If it does, we can discuss a mutually agreeable protocol for doing so." *Defendants' Response*, Doc. #94, Exhibit 1, Attachment 2. Later, in their November 24, 2014 responses to Plaintiffs' discovery requests, Defendants stated, in response to Request to Produce No. 34 (requesting the Afghanistan documents), "Counter-Plaintiffs have invited Counter-Defendants, on multiple occasions, to inspect and copy the documents that they returned to the RMAA Old Entities. Thus far, Counter-Defendants have no accepted these invitations." Doc.

-3-

#92, Exhibit S.  By letter dated December 2, 2014, Defendants' counsel reiterated their request for the Afghanistan documents, stating that Defendants were "providing this letter in an effort to resolve these discovery issues amicably without seeking intervention by the Court."  Doc. #92, Exhibit U. Then, in a reply to this letter dated December 17, 2014, Plaintiffs' counsel wrote regarding Request to Produce No. 34:

> "This request seeks certain documents that are the property of the RMAA Old Entities and which were relinquished, after demand, by your clients. This letter constitutes the fourth written invitation extended by Counter-Plaintiffs to Counter-Defendants to inspect and copy these documents.  As a result, we are at a loss regarding any complaint regarding Counter-Plaintiffs' response to this Request."  Doc. #92, Exhibit W.

Time passed.  In an email dated February 13, 2015 and sent to Plaintiffs' counsel, Defendants' counsel repeated (for the fifth time, he said) that Mr. Delunas would make the documents in Afghanistan available for inspection, but that it would be a violation of Afghan law to ship them out of the country.  Doc. #94, Exhibit 26. Defendants' counsel represents that on March 5, 2015, during a telephonic status conference, the Court advised Defendants that their options were either to inspect the documents in Afghanistan or to pay to have the documents copied and mailed to Detroit or Thailand. *Defendants' Response*, Doc. #94, at 36.  Finally, a June 30, 2015 letter to Plaintiffs' counsel states:

> "The documents in the container have been reviewed and catalogued, and we have offered you and your clients the opportunity to review, inspect and copy these documents on numerous occasions.  Your clients continue to have operations and hundreds of employees in Afghanistan.  Surely they can instruct some of them to coordinate an inspection of the contents of the container.  Alternative, we remain willing to copy and ship these documents at Counter-Defendants' cost."  Doc. #94, Exhibit 29.

Notwithstanding these invitations to copy or inspect the documents and to work out a mutually agreeable protocol for doing so, Plaintiffs instead filed this motion, well after the discovery deadline had passed. Under these circumstance, their untimely motion to compel production of the Afghanistan documents must be denied.

In addition to the untimeliness of the Plaintiffs' motion, the other documents that it requests are of questionable relevance and discoverability. The relevance of the tax returns and bank account statements of Mr. Delunas' relatives is unclear.[1] When relevance is not readily apparent, the party seeking discovery has the burden of showing relevance. *Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996). Especially in light of the additional scrutiny given to requests for tax returns, Plaintiffs have not demonstrated that the financial information of Mr. Delunas' wife, mother, and niece is relevant.

As to the request for communications with suppliers and clients of the RMAA Old Entities beyond what was produced by AccessPoint, I entered an order on February 24, 2015 [Doc. #83] ordering the production of some 39 email folders within AccessPoint's IMAP servers, and setting forth a protocol for the production of those emails. Defendants represent that they "cooperated fully in arranging for RMA to receive a copy of every single non-privileged document that could possibly be construed as responsive to Request 19, which were hosted with a third-party, AccessPoint." *Joint List*, Issue #3, at p.6. Defendants further represent that Mr. Delunas' other email accounts with gmail and Forte Trato do not contain responsive documents.

Mr. Delunas' travel records,[2] which might show the amount of time he was in Afghanistan, are of marginal relevance. There is no obvious nexus, by virtue of contract or any other understanding, between his presence in Afghanistan and his compensation.

As to contact information for all 180 potential witnesses on Defendants' witness

---

[1] *See Statement of Unresolved Issues* [Doc. #115], Issue #1.

[2] *Statement of Unresolved Issues*, Issue #4.

list,[3] Defendants concede that under Fed.R.Civ.P. 26(a)(1)(A)(i), parties must provide "the name and, if known, the address and telephone number of each" witness. There is nothing unclear about that requirement. Even though this motion is untimely, Defendants need to comply with the Rule, and will produce the requested contact information to the extent that they have knowledge of that information.

There is no reason to require that Defendants submit an affidavit regarding requests to produce for which they assert that no responsive documents exist. With or without an affidavit, these Defendants–or any parties– are required to undertake a diligent and good faith search for requested documents, if the Defendants misrepresent what they possess, or intentionally withhold documents, sanctions are available.

Finally, given that I am denying this motion, with the exception of the contact information for Defendants' witnesses, there is no justification for extending discovery.

### B.  Defendants' Motion [Doc. #102]

Defendants' seek discovery of the following:

1.  Documents relating to the years 2012-2014, after the complaint was filed.

2.  Documents responsive to Defendants' discovery requests "with respect to all RMA entities that have conducted business in or related to Afghanistan or that have otherwise captured or retained profits from RMA's business in Afghanistan." *Joint Statement of Unresolved Issues* [Doc. #116], Issue #2.

3.  Communications between Kevin Whitcraft and Mark and Tom Whitcraft, and communications between Kevin Whitcraft and his finance team "relating to the calculation of Mr. Delunas's profit share." *Joint Statement of Unresolved Issues* [Doc. #116], Issue #3.

---

[3] *Statement of Unresolved Issues*, Issue #5.

Defendants filed their motion on September 18, 2015, well after the July 31, 2015 close of discovery. I denied the Plaintiffs' motion on the basis of untimeliness, as Defendants argued that I should do. So here we have a classic goose/gander situation. Seeing no basis to apply a more lenient standard to the Defendants, I will deny their untimely motion to compel discovery. *Willis v. New World Van Lines, Inc., supra*.[4]

### III. CONCLUSION

Plaintiffs' Motion to Compel and Extend Discovery [Doc. #92] is GRANTED to the extent that Defendants will produce the requested contact information for persons on their witness list, to the extent that they have knowledge of that information. In all other respects, Plaintiffs' motion is DENIED.

Defendants' Motion to Compel Production of Documents [Doc. #102] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: March 16, 2016

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 16, 2016, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen

---

[4] I also note that although the parties would have the Court believe that their opponents have been exceedingly parsimonious in their discovery responses, in fact, considerable information has been exchanged over the three-plus-year course of this litigation, including through depositions. Indeed, the Plaintiffs indicate that after the motion was filed, they supplemented information regarding Kevin Whitcraft's communications. *Joint Statement of Unresolved Issues* [Doc. #116], Issue #3, p. 5.