UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GLOBAL FLEET SALES, LLC, R.M. ASIA (HK) LIMITED, RMA MIDDLE EAST FZE, RMA AUTOMOTIVE CO., LTD. and KEVIN ROBERT WHITCRAFT,<br><br>    Plaintiffs,<br><br>v.<br><br>LEONARD JAMES DELUNAS and MOHAMMAD ("DAVID") WAHAB,<br><br>    Defendants,<br>_____/<br><br>LEONARD JAMES DELUNAS and and DAVID WAHAB,<br><br>    Defendants/Counter-Plaintiffs,<br><br>v.<br><br>KEVIN ROBERT WHITCRAFT, R.M. ASIA (HK) LIMITED, and RMA MIDDLE EAST FZE,<br><br>    Plaintiffs/Counter-Defendants. | Case No. 12-15471<br>Honorable Laurie J. Michelson<br>Magistrate Judge R. Steven Whalen |

**OPINION AND ORDER DENYING
PLAINTIFFS' APPEAL OF MAGISTRATE JUDGE'S ORDER [131]**

This matter is before the Court on Plaintiffs' appeal of a magistrate judge's order denying their motion to compel. For the reasons discussed, the Court will affirm the magistrate judge's order because Plaintiffs have failed to demonstrate that it was clearly erroneous or contrary to law.

**I.**

By way of background, in 2002, Kevin Whitcraft and Leonard Delunas went into business together to sell various goods and services in Afghanistan. Their arrangement deteriorated in 2011.

Plaintiffs—Whitcraft and various companies associated with him—filed a multi-count complaint against Delunas and his associate, Mohammad Wahab. Plaintiffs claim that when Delunas was under contract to manage their operations in Afghanistan, he siphoned corporate funds for personal use and engaged in self-dealing. They also say that once their relationship ended, Delunas and Wahab refused to hand over control of Plaintiffs' assets in Afghanistan and that Delunas improperly continued to hold himself out as Plaintiffs' authorized representative, taking their business. (*See generally* Dkt. 8, Am. Compl.)

Defendants filed a third-party complaint (which was later dismissed) and a counterclaim alleging that Delunas, Whitcraft, and Whitcraft's father and brother had actually formed a partnership back in 2002. Delunas says Whitcraft breached their partnership agreement by trying to oust him. And, according to Delunas, though he abided by the terms they ultimately reached to dissolve the partnership, Whitcraft has failed to pay Delunas a fair share of the partnership's profits and assets. (*See generally* Dkt. 19, Counterclaim.)

Following extensive, but ultimately unsuccessful settlement sessions with an out-of-state facilitator, the parties began discovery. It has been lengthy. On May 1, 2014, the Court entered a scheduling order setting a September 30, 2014 discovery deadline. (Dkt. 56.) After the Court twice amended the scheduling order at the parties' request, discovery finally closed on July 31, 2015. (Dkt. 74.)

Plaintiffs filed a motion to compel on August 24, 2015, several weeks after the close of discovery. (Dkt. 92, Pls.' Mot.) Their motion sought the following discovery: (1) certain financial records of Delunas and his relatives, including tax returns; (2) documents that Delunas allegedly seized from Plaintiffs, which Delunas now holds in a container in Afghanistan; (3) certain communications with suppliers and clients of the entities Delunas managed for Plaintiffs in Afghanistan; (4) Delunas's travel records; (5) contact information for Defendants' trial witnesses; and (6) an affidavit "regarding the discovery requests for which the Defendants claim no documents exist." (*Id.* at 3.)

The Court referred the motion to Executive Magistrate Judge R. Steven Whalen. (Dkt. 93.) Following a hearing on October 27, 2015, the magistrate judge issued an opinion and order denying Plaintiffs' motion to compel—except as to Plaintiffs' request for Defendants' witnesses' contact information. (Dkt. 127, Discovery Order.) (The magistrate judge also denied a subsequent motion to compel that Defendants filed.) Plaintiffs appeal. (Dkt. 131, Pls.' App.) In addition to renewing the arguments they put before the magistrate judge, Plaintiffs also request the Court to extend the deadline for exchanging expert reports until the pending dispositive motions are resolved. (*Id.* at 2–3.)

## II.

The governing standard does not favor Plaintiffs: the Court may set aside a magistrate judge's order only if it is "clearly erroneous" or "contrary to law." *See Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A)). Plaintiffs have not demonstrated that the magistrate judge's determination was clearly erroneous or contrary to law.

3

The magistrate judge provided one overarching reason to deny Plaintiffs' motion: the motion was filed well after the close of discovery, and "Plaintiffs have not provided a persuasive explanation for the delay." (Discovery Order at 3.) That reason alone supports the magistrate judge's determination, as "[a] district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." *See Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000); *see also Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 F. App'x 505, 508 (6th Cir. 2014) ("In general, a district court does not abuse its discretion by denying an untimely motion to compel that violated unambiguous discovery deadlines." (citing cases)).

(The Court notes that—contrary to Defendants' representations—*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) does not state that "[a] district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." (Dkt. 135, Defs.' Resp. at 6.) While that language appears in authority from this District, including the *Willis* case quoted above, the Court does not understand the cite to *Oppenheimer*, which does not contain such language.)

Plaintiffs' primary response on the issue of their untimeliness is that "[t]he discovery deficiencies at issue were not confirmed until July 28, 2015, when Mr. Delunas was deposed." (Pls.' Appeal, at 3–4.) Specifically, they say, "It was not until the close of discovery that Defendants' deposition testimony confirmed that no one had ever searched the contents of the container in Kabul, Afghanistan to determine the extent to which it contained documents responsive to the RMA Plaintiffs' discovery requests." (*Id.* at 2.) But Plaintiffs previously represented that they were well aware of precisely this same issue—that the container's contents had not been reviewed—as early as February 2015, when they initially brought their discovery

4

dispute to the Court's attention. Plaintiffs' February 2015 "Summary of Defendants' Discovery Deficiencies" specifically indicated that Defendants "have never reviewed" the documents in the container. (Dkt. 94–29.) Additionally, in their initial motion to compel (Dkt. 92), Plaintiffs asserted that an index of the container's documents, which they received from Defendants on June 16, 2015 (well before Delunas's deposition), made it "obvious . . . that no counsel of record for Defendants fulfilled the professional responsibility of reviewing the container to determine the extent to which it contains documents responsive to Plaintiffs' requests." (Pls.' Mot. at 28.) Plaintiffs cannot now act as though they had no idea until the eve of the discovery deadline that this was an issue.

Plaintiffs' explanation for their untimeliness is also irrelevant to much of their motion to compel, which seeks numerous categories of discovery wholly unrelated to the container in Afghanistan.

In short, because Plaintiffs' motion to compel was untimely, the Court finds that the magistrate judge did not err by denying it. None of Plaintiffs' arguments to the contrary persuade the Court otherwise.

For instance, regarding the documents in the container, as the magistrate judge indicated, Defendants have given Plaintiffs multiple opportunities to inspect or copy the documents at their own expense. (Discovery Order at 4.) Plaintiffs complain that Defendants' gestures to make the documents available did not relieve Defendants of their burden to search for responsive documents. (Appeal at 4.) Still, Plaintiffs fail to explain why—in the many years since this litigation started—Plaintiffs failed to jump on any of the multiple offers to obtain or review the documents.

Regarding the tax returns and other financial documents of Delunas's relatives, the magistrate judge found that their relevance was "unclear." (Discovery Order at 5.) Plaintiffs say that "production [of the tax returns] should have been ordered under precedents of the Sixth Circuit and this Court." (Appeal at 7.) But, in support of this assertion, Plaintiffs merely cursorily cite *Youn v. Track, Inc.*, 324 F.3d 409 (6th Cir. 2003), and *Venture Funding*, *Ltd. v. United States*, 190 F.R.D. 209 (E.D. Mich. 1999), without explaining in any way why these cases mandate production here. That is not enough to show clear error.

Plaintiffs also contend that, contrary to the magistrate judge's interpretation of their motion, their motion to compel seeks financial records beyond that of Delunas's relatives, including certain bank records for Plaintiffs' accounts to which they have allegedly been denied access. (Appeal at 7–8.) Defendants respond that those records are the ones in the container, an issue the magistrate judge resolved for reasons other than relevance. (Defs.' Resp. at 10–11.)

The Court need not resolve this dispute. While the Court could certainly be convinced to see things differently from the magistrate judge and to find all of these financial records relevant to the claims at the center of this case, the Court is hard pressed to disturb the magistrate judge's order, as Plaintiffs have no sound explanation for why they filed their motion after discovery had already closed.

As for the Plaintiffs' request for certain emails beyond what has already been produced, the magistrate judge noted that in February 2014, he ordered production of 39 email folders within AccessPoint's IMAP servers and that Defendants have represented they have cooperated and that certain other email accounts did not have responsive documents. (Discovery Order at 5.) Plaintiffs say that Defendants' representations are false because some documents from AccessPoint showed communications to and from Delunas's Gmail and Forte Trato accounts.

6

(Appeal at 10.) But, as Defendants point out, Plaintiffs have failed to attach or cite any example of this. (Defs.' Resp. at 12.) And unconvinced of any error on this issue, the Court will defer to the magistrate judge.

Regarding Delunas's travel records, the magistrate judge found that they have "marginal relevance" because "[t]here is no obvious nexus, by virtue of contract or any other understanding, between his presence in Afghanistan and his compensation." (Discovery Order at 5.) The Court agrees. While these records may be relevant to Plaintiffs' allegations that Delunas did not spend the time he was allegedly required to spend in Afghanistan pursuant to their agreement, that is a relatively tangential issue in this case.

Finally, as noted at the outset of this opinion, Plaintiffs have requested to extend the deadline to exchange expert reports until the pending dispositive motions are resolved. Given the complexities and duration of this case, the extent of the disputed issues, and the involvement of the experts already, the Court does not see any significant benefit to the parties or the process by further delaying the exchange of expert reports, even pending resolution of the dispositive motions (Dkts. 122, 129, and 133).

## III.

As Plaintiffs have failed to show that the magistrate judge erred by denying their untimely motion to compel (Dkt. 92), the magistrate judge's order (Dkt. 126) is AFFIRMED, and Plaintiffs' appeal of that order (Dkt. 131) is DENIED. The parties shall work out a schedule for the exchange of expert reports to be completed no later than three months after the entry of

this order.

       SO ORDERED.

                         s/Laurie J. Michelson
                         LAURIE J. MICHELSON
                         UNITED STATES DISTRICT JUDGE

Dated: May 4, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 4, 2016.

                         s/Jane Johnson
                         Case Manager to
                         Honorable Laurie J. Michelson